1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROL P-W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:24-CV-5668-DWC

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

     Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the denial of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes the Administrative Law Judge (ALJ) erred in finding Plaintiff not disabled and that the proper remedy for such error is to reverse and remand the ALJ's decision for further administrative proceedings. This matter is **REVERSED** and **REMANDED** accordingly.

1

## I.   BACKGROUND

Plaintiff applied for SSI on April 5, 2017. Administrative Record (AR) 3031. Her

requested hearing was held before Administrative Law Judge (ALJ) Malcolm Ross in February

2019. AR 48–107. In July 2019, ALJ Ross issued a written decision finding Plaintiff not

disabled. AR 19–47. On appeal to this Court, U.S. Magistrate Judge Richard Creatura reversed

ALJ Ross's decision. AR 3157–67.

On remand, ALJ Allen Erickson ("the ALJ") held another hearing on August 15, 2023.

AR 3073–3119. The ALJ issued another decision on April 17, 2024. AR 3028–72. In his

decision, he found Plaintiff not disabled prior to January 6, 2020, but disabled on and after that

date. *See* AR 3059–60. Plaintiff did not file exceptions with the Appeals Council, making the

ALJ's decision Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §

416.1484(a). On August 19, 2024, Plaintiff filed a Complaint in this Court seeking judicial

review of the ALJ's decision. Dkt. 6.

## II.   STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

benefits if, and only if, the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.   DISCUSSION

In Plaintiff's opening brief, she argued the ALJ erred in considering the medical opinions

of Robin Ballard, PhD; Terilee Wingate, PhD; Karen Carlson, ARNP; Ronald Schubert, MD;

and two state agency non-examining physicians; as well as her subjective testimony and the

statement of her boyfriend. *See* Dkt. 16.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 2

Defendant agrees the ALJ committed reversible error in considering at least some of this evidence. *See* Dkt. 24. The parties dispute the appropriate remedy. Plaintiff asks the Court to reverse and remand for an award of benefits or, in the alternative, for a hearing before a new ALJ (Dkt. 16 at 19) while Defendant argues the proper remedy is to remand for additional proceedings (Dkt. 24).

A.    **Plaintiff's Challenges to the ALJ's decision**

Although the dispute centers on the appropriate remedy, Defendant raises some challenges to Plaintiff's points of error. *See* Dkt. 24. One is significant in deciding the appropriate remedy: whether Plaintiff has successfully argued that the ALJ erred in finding the medical opinions of the state agency consultants persuasive. *See id.* at 10; Dkt. 16 at 12.

The ALJ found "mostly persuasive" the physical RFC assessments of Drs. Kraft and Eisenhauer and the mental RFC assessments of Drs. Fitterer and Stuart. AR 3051–53; *see also* AR 116–24, 135–42. Plaintiff briefly challenges these findings by asserting the opinions are "not fully consistent" with some of the other evidence in the record and that the sources did not review the evidence in the record beyond February 2018. Dkt. 16 at 12.

Plaintiff has not shown error with respect to the state agency consultants' opinions. That some evidence may be inconsistent with the consultants' opinions does not mean the ALJ erred in finding them "mostly persuasive." *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[T]he report of a nonexamining, nontreating physician need not be discounted when it is not contradicted by *all other evidence* in the record.") (quotation omitted, emphasis in original). Furthermore, the ALJ is not required to discount a medical opinion simply because the source did not review all the evidence of record. 20 C.F.R. § 404.1520c(b)(2), 404.1520c(c)(5) (extent to which a source is familiar with evidence is a valid consideration but not one of the "most

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 3

important factors" of which ALJs must articulate their analysis); *see also Elsey v. Saul*, 782 F. App'x 636, 637 (9th Cir. 2019) (unpublished) ("The [pre-2017] regulations require that an ALJ evaluate the degree to which a non-examining source considers the evidence, not that a failure to consider all evidence requires the source to be discounted.").

**B.     Whether to Remand for an Award of Benefits**

Turning to the remedial dispute, "[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court "generally remand[s] for an award of benefits only in 'rare circumstances.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004)). A remand for award of benefits is proper only if:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Trevizo*, 871 F.3d at 682–83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Even if each element is satisfied, the Court retains discretion to remand for further proceedings. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

Here, the first element of the credit-as-true test is partially satisfied. Because the relevant period ended five-and-a-half years ago, new evidence is unlikely to be forthcoming, so the record with respect to that period has been fully developed. On the second element, Defendant has not challenged Plaintiff's argument that at least some of the medical opinion evidence and subjective symptom testimony was improperly discredited. The third element, however, is not satisfied, as

the improperly discredited evidence would not require the ALJ to find Plaintiff disabled on remand if credited as true.

In arguing that the improperly discredited evidence compels a finding of disability, Plaintiff relies upon the testimony of the Vocational Expert (VE). *See* Dkt. 16 at 18–19. The VE testified certain limitations, if added to the RFC formulated by the ALJ, would preclude a finding that Plaintiff could perform work in the national economy. AR 3114–16. Those work-precluding limitations were: (1) more than one work absence per month; (2) a limitation to only occasional reaching, handling, and fingering; (3) an off-task allowance of over 15% of the workday; (4) having to hold a service animal throughout the workday; (5) one or more additional breaks per day of 15 to 20 minutes duration; and (6) having to lie down during the workday. *See id.*

There are conflicts in the medical opinion evidence over the first two work-preclusive limitations. Dr. Wingate opined Plaintiff would have marked difficulties maintaining attendance, performing activities within a schedule, and being punctual due to her mental impairments, but the state agency psychologists found Plaintiff had no significant limitation in the same areas and Dr. Ballard did not find Plaintiff's mental impairments resulted in an absenteeism limitation. *See* AR 122, 139, 619, 658. ARNP Carlson found Plaintiff had significant reaching, handling, and fingering limitations, while the state agency consultants' physical RFC assessments found Plaintiff had no manipulative limitations. *See* AR 120, 137, 640. As discussed, the ALJ properly found the state agency consultants' opinions persuasive.

For applications, like Plaintiff's, filed after March 27, 2017, ALJs need not "defer or give any specific evidentiary weight, including controlling weight, to" any particular medical opinion, including those of treating or examining sources. *See* 20 C.F.R. § 416.920c(a). For this reason, even if the opinions of Dr. Wingate and ARNP Carlson were credited, the ALJ would not

1    necessarily be required to find those opinions more persuasive than the contrary opinions of

2    record. *Cf. Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022) (recognizing that the revised

3    regulations stemmed, in part, from disagreement with Ninth Circuit practice of crediting as true

4    treating and examining physicians' opinions and consequently awarding benefits based on the

5    presumptive weight given to those opinions). Crediting those opinions as true, then, does not

6    require crediting the limitations opined. "Where there is conflicting evidence, and not all

7    essential factual issues have been resolved, a remand for an award of benefits is inappropriate."

8    *Treichler*, 775 F.3d at 1101.

9        The evidence is ambiguous as to the third work-preclusive limitation of being off task

10   over 15% of the workday. Although Drs. Wingate and Ballard opined Plaintiff had marked

11   limitations in concentration (*see* AR 618–19, 658), crediting this limitation would not necessarily

12   require the ALJ to find Plaintiff would be off task over 15% of the workday. Indeed, Judge

13   Creatura upheld ALJ Ross's finding that Dr. Ballard's opined marked limitation in maintaining

14   focus was captured by the RFC assessed by ALJ Ross, which did not render Plaintiff disabled.

15   *See* AR 3163.

16       As for Plaintiff's need for a service animal in the fourth limitation, Dr. Schubert did

17   prescribe a service dog for Plaintiff. *See* AR 1343. Defendant disputes whether the ALJ was

18   required to address this prescription as a medical opinion. Dkt. 24 at 8. Even assuming he was

19   required to do so, there is nothing in Dr. Schubert's statement that suggests Plaintiff would need

20   to hold onto her service dog for the entirety of a workday.

21       Finally, for limitations five and six, Plaintiff has not cited, and the Court has not found,

22   any evidence that Plaintiff's impairments would require her to take additional breaks or lie down

23   during the workday or that any medical source opined either limitation was necessary. Plaintiff

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 6

1  testified she took breaks during the day to lie down (*see* AR 65, 79), but this testimony does not

2  establish she would be unable to work without doing so.

3        In sum, the record establishes only that six limitations testified to by the VE, if included

4  in the RFC, would compel a finding of disability. Crediting as true the improperly discredited

5  evidence does not compel any one of those limitations. Because factual issues remain, this case

6  does not present a "rare circumstance," *Treichler*, 775 F.3d at 1100, requiring remand for an

7  award of benefits. The Court directs the ALJ to reconsider the evidence of record on remand and,

8  if appropriate, reassess his RFC finding and his findings at step five of the sequential evaluation

9  process.

10  **C.      Whether to Remand for Hearing Before a New ALJ**

11        Plaintiff argues, in the alternative, that the Court should require a new ALJ be assigned to

12  the case on remand. Dkt. 16 at 19. She alleges bias on the part of the ALJ. *See id.* In support, she

13  attaches an affidavit from her attorney (Dkt. 17) which describes the rate at which the ALJ has

14  denied claims of individuals represented by Plaintiff's attorney since June 2022 and contends

15  that, when compared with national statistics, that rate represents prejudice against her attorney.

16  *Id.*

17        Plaintiff forfeited this argument by failing to raise it to either the ALJ or the Appeals

18  Council. Issue exhaustion requirements may come from statutes or regulations, or they may be

19  judicially created. *See Sims v. Apfel*, 530 U.S. 103, 107–08 (2000); *Carr v. Saul*, 593 U.S. 83, 88

20  (2021). The Commissioner's regulations allow a claimant to object to the ALJ conducting her

21  hearing based on alleged prejudice, but require that, "if [a claimant] object[s] to the

22  administrative law judge who will conduct the hearing, [she] must notify the administrative law

23  judge at [her] earliest opportunity." 20 C.F.R. § 416.1440. Similarly, under the Ninth Circuit's

24

issue exhaustion rules, "claimants generally may not present new evidence, and new issues dependent on that evidence, that they failed to present to the ALJ." *Obrien v. Bisignano*, No. 22-55360, 2025 WL 1803035, at *10 (9th Cir. July 1, 2025) (discussing *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999), *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017)); *see also White v. Kijakazi*, 44 F.4th 828, 835 (9th Cir. 2022) ("[F]ailure to raise an issue 'at both [the] hearing before the ALJ and the Appeals Council' constitutes forfeiture[.]") (citing and quoting *Meanel*, 172 F.3d at 1115).

Because Plaintiff's argument was not raised at the agency level and depends upon evidence not included in the record, the Court does not consider it and declines to direct a new ALJ be assigned in this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 7th day of July, 2025.

David W. Christel
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 8